IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| EDDIE BARTIE,<br>TDCJ-CID No. 01022319, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | 2:21-CV-245-Z-BR |
| BRYAN COLLIER, *et al.*, | §<br>§<br>§ | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PRELIMINARY INJUNCTION AND COUNSEL**

Plaintiff — acting *pro se* and while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, sued Defendants for violations of 42 U.S.C. § 1983. The Court granted Plaintiff permission to proceed *in forma pauperis*. For the following reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 18) and Motion for Preliminary Injunction (ECF No. 26). The Court also **DENIES** the Motion to Intervene (ECF No. 29), filed by another TDCJ inmate.

**PLAINTIFF'S CLAIMS**

Plaintiff alleges he has written multiple Step One and Step Two grievances concerning the inadequate meals he receives on the TDCJ Bill Clements Unit, as well as how the prison environment on the unit disrupts his sleep cycle. *See* ECF No. 19 at 1–4. Concerning his sleep deprivation claims, Plaintiff claims that TDCJ Clements Unit staff use "panel lights" in the cells at "all hours" of the night, inmates' sleep is interrupted by "roster" counts, sometimes as late as

2:30 a.m. and knocking on cell doors during the night. *Id.* at 2. Plaintiff also alleges he has been served inadequate portions of food (calorie count) and an inadequate variety of food. *Id.* As a result of the inadequate portion sizes of meals provided by TDCJ, Plaintiff claims to have lost weight. *Id.* at 3.

### LEGAL STANDARD

A federal court may issue a preliminary injunction to protect a plaintiff's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted).

To obtain a preliminary injunction, a movant must prove: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt County*, 921 F.3d 440, 451 (5th Cir. 2019) (internal marks omitted). A party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

### ANALYSIS

The Court addresses the three motions in turn.

**A. Motion for Preliminary Injunction**

The Court satisfy the first or second elements entitling him to injunctive relief. Accordingly, Plaintiff is not entitled to an injunction — even if he were to satisfy the remaining elements. After considering all Plaintiff's filings and communications with the Court, the Court

finds Plaintiff has not established a likelihood for success on the merits of his claims, and further, Plaintiff does not put forth any allegations that he faces a substantial threat of future irreparable injury if the injunction requested is not issued. The Court therefore need not analyze the remaining elements factors and **DENIES** Plaintiff's Motion for Preliminary Injunction.

Plaintiff requests a preliminary injunction regarding the inadequacy of meal delivery at his TDCJ Unit. ECF No. 26 at 1–2. The Eighth Amendment requires inmates receive "well-balanced meal[s], containing sufficient nutritional value to preserve health." *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Constitutional violations are not established by pleading only discomforts associated with incarceration, such as Plaintiff complains with respect to food. *See Hyder v. Perez*, 85 F.3d 624, (5th Cir. 1996) (per curiam) (upholding dismissal of claims that *quantities* of food were inadequate as lacking an arguable basis in law or fact); *Warren v. Gusman*, No. 16-15046, 2017 WL 1373875, at *15 (E.D. La. Mar. 10, 2017), *report and recommendation adopted*, 2017 WL 1355709 (E.D. La. Apr. 13, 2017) (holding allegations that meals are not ideal, are overcooked, and not properly prepared for prisoner's diet and allergies "do not rise to a level of seriousness constituting a constitutional violation"). Plaintiff's complaints regarding the inadequacy of portion size (calorie count) and inadequacy of meal variety do not state a constitutional violation, as Plaintiff has not alleged that he has suffered a dangerous reduction in weight or a threat to his health because of inadequate food intake. Rather, Plaintiff solely alleges that he has lost some weight and makes no mention of any adverse health consequences. *See* ECF No. 19 at 1–4. Thus, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction based on his food-related claims.

3

Plaintiff also alleges sleep deprivation claims, but does not seek injunctive relief on these claims. *See* ECF No. 26. Further, Plaintiff's claims regarding sleep appear to serve a penological purpose, as Plaintiff makes no allegation of a pattern and practice of deliberately denying sleep to inmates at his unit.

**B. Motion to Appoint Counsel**

In making the determination as to whether to appoint counsel pursuant to 28 U.S.C. § 1915, the Court may base its decision regarding the appointment of counsel on:

1. Type and complexity of case;

2. The prisoner's ability to present and investigate his case;

3. The presence of evidence which largely consists of conflicting testimony to require skilled presentation of evidence and then cross-examination; and,

4. The likelihood that appointment will benefit petitioner, the Court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

Based upon factors recited above, the Court finds this case resembles and is no more complex than the majority of the Section 1983 filings. Further, as indicated above, Plaintiff has been able to adequately present and investigate his case to date. Nothing in this case indicates any skill in the presentation of evidence or questioning of witnesses is necessary, nor is there any basis to believe that appointment of counsel will benefit the Plaintiff, the Court, and the defendants by "shortening the trial and assisting in a just determination." *See id.*

While the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915, the Court may not pay counsel unless a plaintiff succeeds in being the "prevailing party." The inability of the Court to pay counsel — however — is surmountable. There are attorneys who practice before this Court who are willing to donate their time and represent a plaintiff without

4

remuneration if the Court so requests. More critical than the inability of the Court to pay these attorneys, is the inability of the Court to reimburse such attorney for any expenses or costs associated with litigation. An appointed attorney faces financing the cost of the litigation out of his or her own pocket, or foregoing certain avenues of discovery one might normally expect counsel to engage in.

Only where a case presents exceptional circumstances is a trial court required to appoint counsel for an indigent plaintiff asserting a claim under Section 1983. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (per curiam). While attorneys are necessary and are "appointed" in some cases, it is truly the "extraordinary" case in which appointment of counsel is required to assist the parties and the Court in resolving the issues raised. No such circumstances exist here. For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

### C. Motion to Intervene

A third-party prisoner filed a Motion to Intervene in this case. ECF No. 29. Prisoner Hardge moves to intervene in Plaintiff's lawsuit, asserting he is "similarly situated" to the Plaintiff because he is housed in the same TDCJ unit. ECF No. 29 at 1; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

The Court notes Prisoner Hardge does not argue he is entitled to intervene as a matter of right. Federal Rules of Civil Procedure 24(a)(2) provides a party is *entitled* to an intervention of right when: "(1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001);

5

*see also* FED. R. CIV. P. 24(a)(2); *Graham v. Evangeline Parish Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005); *Trans Chem. Ltd. v. China Nat'l Mach. Import and Export Corp.*, 332 F.3d 815, 822 (5th Cir. 2003).

Each requirement must be satisfied for an intervention of right to succeed. *See Graham*, 132 F. App'x at 511. According to the Fifth Circuit:

> To meet the second requirement for Rule 24(a)(2) intervention, a potential intervenor must demonstrate that he has an interest that is related to the property or transaction that forms the basis of the controversy. Not any interest, however, is sufficient; the interest must be "direct, substantial, [and] legally protectable." We have explained that "the interest [must] be one which the substantive law recognizes as belonging to or being owned by the applicant.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (quoting *Doe*, 256 F.3d at 375 and *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)). Thus, "[i]n order to show entitlement to intervention of right . . . [an intervenor] must demonstrate an interest in the subject matter of [the] action and that its disposition may realistically impair that interest." *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991). "[T]he applicant's interest relating to the subject of the action must be 'direct and substantial' and must be 'something more than an economic interest.'" *Trans Chem. Ltd.*, 332 F.3d at 822 (quoting *New Orleans Pub. Serv., Inc.*, 732 F.2d at 463).

Prisoner Hardge has not demonstrated disposition of this case may impair his interest. Plaintiff's lawsuit arises out of his own alleged injuries sustained in food service on noise on his cell block. Thus, Prisoner Hardge has no "interest relating to the property or transaction" forming the basis of this lawsuit. The Court cannot allow intervention of right merely because Defendants are the same in both suits and some of the arguments will be identical. Prisoner Hardge is free to

bring his own lawsuit. Nothing decided in this case will operate to estop him from fully pressing his claims.

But perhaps Prisoner Hardge seeks permissive intervention under Rule 24(b)(2). Rule 24(b)(2) provides for permissive intervention at the discretion of the district court when intervention of right is not appropriate. *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam). Intervention is permissible "when: (1) the motion is timely; (2) a statute of the United States confers a conditional right to intervene; or (3) the movants' claim or defense and the main action have a question of law or fact in common." *Graham*, 132 F. App'x at 513 (internal marks omitted). "[A] district court may deny permissive intervention if such would unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 514 (internal marks omitted). Permissive intervention is "wholly discretionary with the [district] court." *New Orleans Pub. Serv., Inc.*, 732 F.2d at 471.

The Court finds intervention by Prisoner Hardge inappropriate. The mere fact that a person asserts a Section 1983 conditions of confinement claim does not, by itself, constitute grounds for permissive intervention in another Section 1983 conditions of confinement claim involving the same TDCJ unit. Although both incidents may give rise to potential claims of policy and practice by the Bill Clements Unit of TDCJ for alleged constitutional violations and, thus, could conceivably give rise to common issues of law and fact, the Court is unpersuaded that Prisoner Hardge's intervention in Plaintiff's case is warranted. Rather than furthering judicial economy, the intervention device would render the lawsuit "fruitlessly complex or unending." *Tex. E. Transmission*, 923 F.2d at 412. It is not even clear from Prisoner Hardge's Motion to Intervene that at least one common issue of law and fact between Plaintiff's and Prisoner Hardge's claims exists. Undoubtedly — however — Plaintiff's and Prisoner Hardge's claims would contain factual

distinctions. The Court declines to exercise its discretion to grant permissive intervention and **DENIES** Prisoner Hardge's Motion to Intervene.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion for Preliminary Injunction, Motion for Appointment of Counsel, and Motion to Intervene.

**SO ORDERED.**

August 23, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE