IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDDIE BARTIE<br>TDCJ-CID No. 01022319,<br><br>　　Plaintiff,<br><br>v.<br><br>HOWARD RELFORD, *et al.*,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:21-CV-00245-Z-BR |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS DEFENDANT HOWARD RELFORD

Plaintiff Eddie Bartie, acting *pro se* and while a prisoner incarcerated in the Clements Unit of the TDCJ, filed suit pursuant to 42 U.S.C. § 1983. (ECF 3).

On April 9, 2024, the U.S. Marshal returned as unexecuted the summons issued to Defendant Howard Relford because Relford was unable to be found at the Clements Unit. (ECF 56). Therefore, on April 10, 2024, the Court ordered Plaintiff to provide a proper service address for Relford by May 1, 2024. (ECF 58). Plaintiff was warned that, if he failed to provide the address, the Court would recommend that the district judge dismiss Relford from this case for failure to prosecute. As of the date of this FCR, Plaintiff has provided no address for service of Relford.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* FED. R. CIV. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The undersigned finds Plaintiff's

failure to comply with this Court's April 10, 2024, Order warrants dismissal of Relford from this lawsuit.

## RECOMMENDATION

The United States Magistrate Judge hereby recommends that Defendant Howard Relford be DISMISSED without prejudice from this lawsuit.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 8, 2024.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).